Randy McDonald, 032008
Colin M. Proksel, (*Pro hac vice* application forthcoming)
OSBORN MALEDON, P.A.
2929 North Central Avenue
21st Floor
Phoenix, Arizona  85012-2793
(602) 640-9000
rmcdonald@omlaw.com
cproksel@omlaw.com

Attorneys for Dr. DeShawn Taylor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DR. DESHAWN L. TAYLOR, ) | No. |
| ) | |
| Movant, ) | |
| ) | **EMERGENCY MOTION TO** |
| vs. ) | **STAY DEPOSITION OF DR.** |
| ) | **TAYLOR PENDING DECISION** |
| KEN PAXTON, ATTORNEY GENERAL ) | **ON MOTION TO QUASH OR, IN** |
| OF TEXAS, ) | **THE ALTERNATIVE, FOR A** |
| ) | **PROTECTIVE ORDER** |
| Respondent. ) | |

Dr. DeShawn Taylor, by and through undersigned counsel, hereby moves this Court to stay her Deposition, currently scheduled for October 4 at 10:00 am, pending a decision on her Emergency Motion to Quash or, in the Alternative, for a Protective Order, filed concurrently with this Motion.  A copy of the Subpoena ordering Dr. Taylor to appear at the deposition, issued Respondent, is attached hereto as **Exhibit 1.**

The interest of justice and efficiency would be served by postponing Dr. Taylor's deposition until such time as this Court has ruled on Dr. Taylor's Motion to Quash. Counsel for Dr. Taylor have proposed October 25 or October 18 as alternative dates for the deposition, but Respondent has refused to agree to move the deposition past its noticed date.  An order staying the deposition is necessary because the taking of the deposition while Dr. Taylor's Motion to Quash is pending would moot the Motion to Quash and, as the Motion to Quash argues, subject Dr. Taylor to an undue burden.

Furthermore, if this Court ultimately grants Dr. Taylor's Motion to Quash, any time and expense spent on preparing for and defending the deposition is wasted. *See, e.g., Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367–68 (11th Cir. 1997) (denying or staying discovery until after resolution of motion to dismiss avoids "unnecessary costs to the litigants and to the court system," including "the time, expense, and aggravation of preparing for and attending depositions," and diversion of "scarce judicial resources ... from other cases to resolve discovery disputes.").

This Court enjoys broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). For good cause, this Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This Court has discretion to grant such a protective order pending the outcome of dispositive motions. *See Palmer v. Ellsworth*, 1993 WL 498010 at *3 (9th Cir. 1993) (granting stay pending outcome of Motion for Summary Judgment on the issue of qualified immunity).

Respondent served Dr. Taylor with the Subpoena on September 20. The Subpoena orders appearance for deposition on October 4. Respondent has not articulated a reason why this deposition may not be postponed until after the resolution of this matter, except by obliquely referencing his "scheduling order" in the litigation currently pending in the Western District of Texas. Respondent has not shown any willingness to move the deposition at all while the Motion to Quash is considered by this Court. Respondent's refusal to engage in good faith discussions to postpone the deposition while this Motion is pending is unreasonable and should not be rewarded by this Court.

Accordingly, Movant respectfully requests that this Court stay her deposition until it has had a chance to consider and rule on her Motion to Quash. A proposed form of order is attached hereto.

DATED this 28th day of September, 2017.

OSBORN MALEDON, P.A.


By    s/Randy McDonald
      Randy McDonald
      Colin M. Proksel
      2929 North Central Avenue
      21st Floor
      Phoenix, Arizona  85012-2793

Attorneys for Dr. DeShawn Taylor


**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September, 2017 the attached *EMERGENCY MOTION TO STAY DEPOSITION OF DR. TAYLOR PENDING DECISION ON MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER* was electronically transmitted to the Clerk of the Court using the CM/ECF System and that I served the attached document by Electronic Mail on the following, who are not registered participants of the CM/ECF System:

Adam A. Biggs
Christopher D. Hilton
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
Phone: (512) 475-4120
Fax: (512) 320-0667
Christopher.Hilton@oag.texas.gov
Adam.biggs@oag.texas.gov


/s/ Rosalin Sanhadja

3

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | |
|---|---|
| Whole Woman's Health, et al.,<br>*Plaintiff*<br>v.<br>Ken Paxton, et al.,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.   1:17-CV-00690 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Dr. Deshawn Taylor, by and through Colin Proksel, Osborn Maledon, 2929 North Central Avenue, 21st Floor,
Phoenix, Arizona 85012-2793

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Osborn Maledon<br>2929 North Central Avenue, 21st Floor<br>Phoenix, Arizona 85012-2793 | Date and Time:<br>10/04/2017 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenography and videography

❐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  9-20-17

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ___Defendant___
Ken Paxton, Attorney General of Texas _____, who issues or requests this subpoena, are:
Adam A. Biggs, Office of the Attorney General, 300 W. 15th Street, 11th Floor, Austin, TX 78701; 512-463-2120; adam.biggs@oag.texas.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:17-CV-00690

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Counsel agreed to accept service on behalf of Dr. Taylor.

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).