Summer R. Lee*
Office of the Texas Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)
summer.lee@oag.texas.gov

*Attorney for Ken Paxton,*
*Attorney General of Texas*

*Admitted *pro hac vice*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DR. DESHAWN L. TAYLOR, | No. 2:17-mc-00051-GMS |
| Movant, | **RESPONSE IN OPPOSITION TO EMERGENCY MOTION OF NON-PARTY DR. DESHAWN TAYLOR TO QUASH DEPOSITION SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** |
| v. | |
| KEN PAXTON, ATTORNEY GENERAL OF TEXAS, | |
| Respondent. | |

Respondent Ken Paxton ("Respondent") respectfully requests that the Court deny Movant Dr. DeShawn Taylor's Motion to Quash and alternative Motion for Protective Order based on the following:

## I.    BACKGROUND

Respondent is a defendant in the lawsuit *Whole Woman's Health, et. al v. Ken Paxton, et. al,* Cause No. A-17-CV-690-LY, in the United States District Court, Western District of Texas. This lawsuit was filed by several abortion providers, including Planned Parenthood affiliates in Texas, challenging the constitutionality of Senate Bill 8 ("SB 8"), a recently enacted abortion law

in Texas. SB 8 requires abortion providers to cause fetal demise prior to performing an abortion procedure known as dilation and evacuation ("D&E"). Plaintiff providers challenge the constitutionality of the law by alleging that the law has the effect of placing a substantial obstacle in the path of a woman who seeks an abortion before the fetus attains viability. The Defendants counter that requiring physicians performing a D&E to cause fetal demise before starting the evacuating phase of the D&E does not impose any significant health risks or burdens on a woman. Defendants contend that one of the three safe and effective methods to induce fetal demise is by administering digoxin. Plaintiff providers allege that using digoxin imposes risks with no medical benefits to the patient, is untested, carries risk, and is not sufficiently effective.

Respondent issued a Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") to Dr. DeShawn Taylor on September 20, 2017, for her deposition on October 4, 2017. Respondent seeks to take the deposition of Dr. Taylor to authenticate a video in which she makes public statements regarding the use and benefits of digoxin, and to obtain her medical opinion on this disputed issue.

## II.    RESPONSE IN OPPOSITION

### A.  The Subpoena Provided a Reasonable Opportunity to Comply.

Dr. DeShawn Taylor alleges that the Subpoena should be quashed because it fails to provide her a reasonable time to comply. *See* Emergency Motion of Non-Party Dr. DeShawn Taylor to Quash Deposition Subpoena, or In the Alternative for a Protective Order ("Motion"), at 8-9 (Doc. 1). Dr. Taylor asserts that if the deposition takes place on October 4, 2017, as originally noticed, that she will be forced to cancel appointments to see patients, which will create a hardship for her patients, and severely burden her interest in seeing that her patients' needs are met. *See id.*

2

Respondent issued the Subpoena to Dr. Taylor on September 20, 2017, for her deposition on October 4, 2017. *See* Motion, Exhibit 4. Dr. Taylor's legal counsel agreed to accept service of the Subpoena on September 20, 2017. *See id.* Accordingly, Dr. Taylor had two weeks from the date she accepted service of the Subpoena to the date of the noticed deposition. The Defendants are under an expedited schedule in the present case. The court issued an order setting trial to begin on November 2, 2017. *See Whole Woman's Health,* Cause No. 1:17-cv-00690-LY (Doc. 73). Respondent set Dr. Taylor's deposition date giving as much notice as possible while also keeping in mind the short time frame for discovery in the case. Moreover, if the deposition date did not work for Dr. Taylor, if Dr. Taylor required more notice to reschedule patients, or if Dr. Taylor required the deposition to take place outside of business hours to accommodate her schedule, Respondent could have worked with Dr. Taylor's counsel to try to reasonably accommodate her. Other than the proposed deposition dates of October 18 and 25, which are not feasible given the trial date, Dr. Taylor's counsel has never offered any alternative date or time.

Federal Rules of Civil Procedure 30(b)(1) requires "reasonable notice in writing" to parties for any deposition. In the Ninth Circuit, "a week to ten day notice is reasonable where the party is seeking a deposition without the production of documents." *Reddy v. Precyse Sols. LLC*, 1:12-CV-02061-AWI-SA, 2015 WL 3407447, at *3 (E.D. Cal. May 26, 2015), *reconsideration denied sub nom. Reddy v. Precyse Sols., Inc.*, 1:12-CV-02061-AWI-SA, 2015 WL 3706058 (E.D. Cal. June 12, 2015) and *reconsideration denied sub nom. Reddy v. Precyse Sols., Inc.*, 1:12-CV-02061-AWI, 2015 WL 3772685 (E.D. Cal. June 16, 2015). Two weeks' notice for Dr. Taylor's deposition was reasonable, especially under the circumstances of this case, and the Court should overrule her objection on that basis.

**B. The Subpoena Does Not Subject Dr. Taylor to an Undue Burden.**

Dr. Taylor alleges that she will be subjected to an undue burden if she is deposed because she has no personal knowledge directly relevant to the lawsuit, Respondent has failed to elucidate a coherent reason to take Dr. Taylor's deposition, Respondent could obtain the same information from the plaintiff providers, and because the Subpoena was issued as a form of harassment. *See* Motion, at 9-11.

In *Whole Woman's Health,* one of the disputed issues before the Court is whether digoxin provides any benefit for a D&E procedure. *See* Motion, Exhibit 3, Order on Temporary Restraining Order. Respondent seeks to depose Dr. Taylor to authenticate a video in which she made public statements regarding the use and benefits of digoxin. Dr. Taylor made public statements at a Planned Parenthood conference in Los Angeles, California, in October 2014, regarding the use and benefit of administering digoxin to make a D&E procedure easier to perform.[1] Specifically, Dr. Taylor made statements that using digoxin makes the D&E procedure easier because it requires less force to perform the procedure. Dr. Taylor further stated that in her experience it does not take any longer to complete the procedure by using digoxin.

Dr. Taylor is a former medical director of Planned Parenthood Arizona, and has worked for several Planned Parenthood affiliates in California, Arizona, and Nevada. *See* Motion, at 2. Several of the plaintiffs in this lawsuit are Planned Parenthood affiliates and providers. These affiliates and providers, in addition to the affiliates for which Dr. Taylor has worked, obtain guidance and directives from Planned Parenthood Federation on how to perform procedures such as D&Es. As such, Dr. Taylor has personal knowledge regarding the use and benefits of digoxin

---

[1] *See* Planned Parenthood Abortionist: "Pay Attention to Who's In the Room" To Deal with Infants Born Alive, video, available at http://www.centerformedicalprogress.org/cmp/investigative-footage/, 7:27-8:12 (last accessed on October 1, 2017).

that is directly relevant to one of the disputed issues in the lawsuit; namely, that digoxin does not impose any significant health risks or burdens on a woman.

Respondent has not issued the subpoena to testify as a form of harassment. Since Respondent only seeks to authenticate the video and obtain Dr. Taylor's medical opinion regarding the use and benefits of digoxin in the context of a D&E abortion as a former medical director for Planned Parenthood, and as an abortion provider for several Planned Parenthood affiliates, Respondent cannot obtain this information from one of the plaintiff providers. This information can only be obtained from Dr. Taylor.

Under Federal Rule of Civil Procedure 45, the "undue burden" language is limited to harm inflicted by complying with the subpoena. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012). Here, Dr. Taylor has not identified any harm from compliance with the Subpoena. The Court should find that there is no undue burden in requiring Dr. Taylor to testify via Subpoena. Moreover, Dr. Taylor has not shown that her interest in non-disclosure outweighs Respondent's need for the discovery. Accordingly, the Court should overrule Dr. Taylor's undue burden objection and deny her Motion to Quash.

**C. The Subpoena Does Not Require the Disclosure of Privileged or Other Protected Information.**

Dr. Taylor alleged that the Subpoena should be quashed because it could potentially involve sensitive patient information. *See* Motion, at 11. As discussed *supra,* Respondent only intends to depose Dr. Taylor to authenticate the video and to obtain her medical opinion regarding the use and benefits of digoxin in the context of a D&E abortion as a former medical director for Planned Parenthood, and abortion provider for several Planned Parenthood affiliates. Respondent does not intend to seek any sensitive identifying information relating to Dr. Taylor's patients or

former patients. Accordingly, the Court should refrain from quashing the subpoena based on disclosure of privilege or other protected information.

**D. Dr. Taylor has Not Established Good Cause for a Motion for Protective Order.**

Alternatively, if the Court does not quash the subpoena, Dr. Taylor requests the Court to enter a Motion for Protective Order limiting her deposition testimony to one hour on the mechanics of a D&E procedure. *See* Motion, at 11. Dr. Taylor alleges that due to the "vagaries surrounding the Subpoena, good cause exists for a protective order limiting any deposition." *See id.*

A party seeking a Rule 26(c) protective order has the burden to "show good cause" by demonstrating harm or prejudice that will result from the discovery. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir.2002). "Good cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

To establish good cause, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *Phillips,* 307 F.3d at 1210–11 (citing *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *San Jose Mercury News, Inc.,* 187 F.3d at 1102 (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document")). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *Id.* at 1211 (citing *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir.1995) (citing factors)).

6

As discussed *supra,* Dr. Taylor has not shown any harm will result from complying with the Subpoena by having her deposition taken. Dr. Taylor has alleged only broad allegations of harm, which are not sufficient to warrant a protective order. *See Beckman Indus., Inc.,* 966 F.2d at 476. With regards to the narrow scope of the deposition, Dr. Taylor has not alleged any harm as a result of testifying regarding the public statements she made in the video, or regarding the use and benefits of digoxin in the context of a D&E abortion. Accordingly, Dr. Taylor has not established good cause to limit the deposition to one hour regarding testimony only on the mechanics of the D&E procedure. But in the event that the Court finds that Dr. Taylor has established a particularized harm, the Court should still deny the Motion for Protective Order by finding that the public interest of having Dr. Taylor authenticate the video and testify regarding her medical opinion on the use and benefits of digoxin outweighs her private interest in providing this information. Indeed, Dr. Taylor does not have a private interest in statements she has already publicly made.

### III.    CONCLUSION

Based on the foregoing, Respondent Paxton respectfully requests that the objections to Dr. Taylor's deposition subpoena be overruled, and that Dr. Taylor's Motion to Quash and alternative Motion for Protective Order be denied in their entirety.

DATED this 2nd day of October, 2017.

OFFICE OF THE TEXAS ATTORNEY GENERAL

/s/ *Summer R. Lee*_____
**SUMMER R. LEE**\*
ATTORNEYS FOR RESPONDENT KEN PAXTON

\*Admitted *pro hac vice*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served electronically through the Court's Electronic Court Filing notification system on this the 2nd day of October, 2017, to:

Randy McDonald
Colin M. Proksel
OSBORN MALEDON, P.A.
2929 North Central Avenue
21st Floor
Phoenix, Arizona 85012-2793
***Attorneys for Non-Party DeShawn Taylor***

      /s/ *Summer R. Lee*
      **SUMMER R. LEE**
      Assistant Attorney General