Summer R. Lee*
Office of the Texas Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)
summer.lee@oag.texas.gov

*Attorney for Ken Paxton,
Attorney General of Texas*

*Admitted pro hac vice*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DR. DESHAWN L. TAYLOR,<br><br>Movant,<br><br>v.<br><br>KEN PAXTON, ATTORNEY GENERAL OF TEXAS,<br><br>Respondent. | No. 2:17-mc-00051-GMS<br><br>**RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO STAY DEPOSITION OF DR. TAYLOR PENDING DECISION ON MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** |

Respondent Ken Paxton ("Respondent") respectfully requests that the Court deny Movant Dr. DeShawn Taylor's Emergency Motion to Stay Deposition of Dr. Taylor Pending Decision on Motion to Quash or, In the Alternative, for a Protective Order ("Motion") (Doc. 2) based on the following:

## I.    BACKGROUND

Respondent is a defendant in the lawsuit *Whole Woman's Health, et. al v. Ken Paxton, et. al,* Cause No. A-17-CV-690-LY, in the United States District Court, Western District of Texas. This lawsuit was filed by several abortion providers, including Planned Parenthood affiliates in

Texas, challenging the constitutionality of Senate Bill 8 ("SB 8"), a recently enacted abortion law in Texas. SB 8 requires abortion providers to cause fetal demise prior to performing an abortion procedure known as dilation and evacuation ("D&E"). Plaintiff providers challenge the constitutionality of the law by alleging that the law has the effect of placing a substantial obstacle in the path of a woman who seeks an abortion before the fetus attains viability. The Defendants counter that requiring physicians performing a D&E to cause fetal demise before starting the evacuating phase of the D&E does not impose any significant health risks or burdens on a woman. Defendants contend that one of the three safe and effective methods to induce fetal demise is by administering digoxin. Plaintiff providers allege that using digoxin imposes risks with no medical benefits to the patient, is untested, carries risk, and is not sufficiently effective.

Respondent issued a Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") to Dr. DeShawn Taylor on September 20, 2017, for her deposition on October 4, 2017. Respondent seeks to take the deposition of Dr. Taylor to authenticate a video in which she makes public statements regarding the use and benefits of digoxin, and to obtain her medical opinion on this disputed issue.

## II.     RESPONSE IN OPPOSITION

Dr. Taylor filed a Motion to Stay her deposition currently noticed for October 4, 2017, pending the ruling on her Motion to Quash and alternative Motion for Protective Order (Doc. 1). Dr. Taylor requests the Court to stay the deposition because the taking of the deposition will moot her Motion to Quash and subject her to an undue burden. *See* Motion, at 1. Dr. Taylor further requests the Court to stay the deposition to prevent any time and expense spent on preparing for and defending the deposition. *See id.,* at 2. The legal authority cited by Dr. Taylor is not applicable. The legal authority references staying discovery pending the resolution of dispositive motions. *See*

*id.,* at 2. Here, there is no dispositive motion pending. Respondent merely requests the deposition of Dr. Taylor as discussed in its Response in Opposition to Dr. Taylor's Motion to Quash Subpoena to Testify and Alternative Motion for Protective Order (Doc. 5). Respondent incorporates this response herein.

Respondent issued the Subpoena to Dr. Taylor on September 20, 2017, for her deposition on October 4, 2017. *See* Motion, Exhibit 1. Dr. Taylor's legal counsel agreed to accept service of the Subpoena on September 20, 2017. *See* Motion to Quash and alternative Motion for Protective Order, Exhibit 4. Dr. Taylor had two weeks from the date she accepted service of the Subpoena to the date of the noticed deposition. However, Dr. Taylor did not file her Motion to Stay until September 28, 2017 – eight days after service of process. Dr. Taylor could have filed her motion staying the deposition earlier, but chose not to. If Dr. Taylor's Motion to Quash is mooted because the deposition goes forward, this is a result of her own doing. The undue burden alleged by Dr. Taylor could have been prevented by filing the Motion to Stay the deposition on a timelier basis. The Court should not reward Dr. Taylor's delay in filing her Motion to Stay the deposition.

Moreover, staying Dr. Taylor's October 4, 2017 deposition will prejudice Respondent. The Defendants are under an expedited schedule in the present case. The court issued an order setting trial to begin on November 2, 2017. *See Whole Woman's Health,* Cause No. 1:17-cv-00690-LY (Doc. 73). Thus, Respondent set Dr. Taylor's deposition date giving as much notice as possible while also keeping in mind the short time frame for discovery in the case.

### III.     CONCLUSION

Based on the foregoing, Respondent Paxton respectfully requests that the Court deny Movant Dr. Taylor's Motion to Stay in its entirety.

DATED this 2nd day of October, 2017.

OFFICE OF THE TEXAS ATTORNEY GENERAL


/s/ *Summer R. Lee*_____
**SUMMER R. LEE**\*
ATTORNEYS FOR RESPONDENT KEN
PAXTON

\*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served electronically through the Court's Electronic Court Filing notification system on this the 2nd day of October, 2017, to:

Randy McDonald
Colin M. Proksel
OSBORN MALEDON, P.A.
2929 North Central Avenue
21st Floor
Phoenix, Arizona 85012-2793
***Attorneys for Non-Party DeShawn Taylor***

 /s/ *Summer R. Lee*
**SUMMER R. LEE**
Assistant Attorney General