# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Deshawn L. Taylor, | No. MC-17-00051-PHX-GMS |
|---|---|
| Movant, | **ORDER** |
| v. | |
| Ken Paxton, | |
| Defendant. | |

Pending before this Court are (1) The Movant's Emergency Motion to Quash Subpoena Duces Tecum or in the Alternative Motion for Protective Order, (Doc. 1) and, (2) Movant's Emergency Motion to Stay Pending Decision on Motion to Quash/Motion for Protective Order (Doc. 2). After reading the parties' submissions on the motions, the Motion to Quash is denied, but the alternative motion for protective order is granted in part as is further explained below. Therefore, the Emergency Motion to stay (Doc. 2) is denied as moot.

The Movant, Dr. Taylor is an obstetrician-gynecologist who practices in Phoenix, Arizona. Dr. Taylor is a former medical director of Planned Parenthood Arizona, a position she left in 2013. At various times in her career, Dr. Taylor has worked for or with Planned Parenthood or its affiliates in California, Arizona and Nevada—but not Texas. Dr. Taylor is not licensed in Texas, nor has she ever worked in Texas.

/ / /

Dr. Taylor has been subpoenaed to testify in an action in which various Plaintiffs, including the Texas affiliates of Planned Parenthood, have challenged certain provisions of a newly passed Texas law, S.B. 8.  The law apparently bans the D&E procedure—a common procedure by which abortion is accomplished -- except for when the physician uses a drug known as digoxin to cause fetal demise prior to starting the evacuation phase of the D&E   Petitioners in the underlying lawsuit challenge this digoxin requirement as an undue burden on a woman's right to an abortion.

Texas apparently notices the deposition of Dr. Taylor because, in an apparently surreptitious recording made at a Planned Parenthood conference in Los Angeles, California in 2014, Dr. Taylor apparently advocates the use of digoxin in performing abortions.  To the extent that Dr. Taylor gave such instruction or made such statements in a conference sponsored by Planned Parenthood or when she held a Planned Parenthood position, such statements are sufficiently relevant to the question of whether the Texas mandated use of digoxin in a D&E abortion procedure presents an undue burden on a woman's right to an abortion, and the Texas Planned Parenthood affiliates' present assertion that it does.

Dr. Taylor may be unable to authenticate the video to the extent that she did not take it.  Even so, her instruction and/or statements at the conference or otherwise are, or may be, directly relevant to the law now at issue in Texas that is challenged by Planned Parenthood affiliates there.  And, at any event, it will not be up to this Court to determine whether the video is admissible.  Such a determination appropriately belongs to the Court in the Western District of Texas.  The Motion to Quash is, therefore, denied.

Nevertheless, the Court is not persuaded that it would be appropriate for the Defendants in the underlying lawsuit to question Dr. Taylor about further topics including her present opinions or medical practices.  It appears to the Court that such questioning would make Dr. Taylor an unwilling and unreimbursed expert witness for the State of Texas.  And for the reasons set forth in Movant's briefing, Texas is perfectly capable of obtaining its own expert witnesses in this regard. Preventing an inquiry into

Dr. Taylor's present practices would not only avoid conscripting Dr. Taylor beyond that which her comments in Planned Parenthood conferences or positions may permit, it would further protect the privacy of her patients who may have received such procedures. Therefore, while Dr. Taylor's Motion to Quash is denied, her Motion for Protective Order is granted to the extent that Defendants may inquire into statements, instruction, opinions, training or teaching provided by Dr. Taylor at Planned Parenthood conferences or when she held a position with Planned Parenthood concerning the use of digoxin in conducting abortion procedures. They may not inquire into her present opinions or practices. While such a limitation should practically limit the length of the deposition, the Court declines to limit the deposition to only one hour as the Movant suggests. Professionalism and this Court's mandate not to abuse the time or limitations given should be adhered to by both parties concerned with the present motions.

Further, while the Court does not grant the Motion to Quash, the Court does observe that if a mutually acceptable date can be found during the week of October 9 as the parties have previously suggested in their correspondence, such a date ought to be accommodated by all parties to promote civility, the convenience of the state and the Doctor and her patients.

**IT IS THEREFORE ORDERED:**

1.      The Motion to Quash is denied; the Motion for Protective Order is granted (Doc. 1).

2.      The Emergency Motion to Stay (Doc. 2) is denied as moot.

Dated this 3rd day of October, 2017.


Honorable G. Murray Snow
United States District Judge

- 3 -